**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------

|  |  |  |
|---|---|---|
| FRANCISCO PEREZ and ELISARIO PEREZ, | : | |
| | : | |
| Plaintiffs, | : | |
| | : | Case No. _____ |
| -against- | : | |
| | : | |
| STANDUP 236 LLC D/B/A STAND UP | : | |
| NY, DANI ZOLDAN, and GABRIEL | : | |
| WALDMAN, | : | |
| | : | **COMPLAINT** |
| | : | |
| Defendants. | : | |
| | : | |

-------------------------------------------------------

Plaintiffs Francisco Perez and Elisario Perez (collectively, "Plaintiffs"), by their

undersigned counsels, make the following allegations in support of their Complaint against

Defendants Stand Up 236 LLC d/b/a Stand Up NY (the "Stand Up NY"), Dani Zoldan

("Zoldan"), and Gabriel Waldman ("Waldman"), (collectively, "Defendants"):

## PRELIMINARY STATEMENT

1.        Plaintiffs bring this action to recover damages for violations of federal and state

labor laws arising out of their employment at Stand Up NY, a comedy club at all relevant times

located at 236 W. 78th St, New York, NY 10024.

2.        As set forth herein, Defendant Zoldan hired Plaintiffs to work at Stand Up NY.

Plaintiffs worked for different periods of time beginning in approximately 2010 until

approximately August 2021.  Throughout that time, Defendants violated numerous provisions of

the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL") by: (a) failing

to pay the lawful minimum wage; (b) failing to pay any overtime compensation; (c) failing to

pay spread of hours under New York Labor Law; (d) implementing illegal deductions; and (e) failing to provide Plaintiffs with required notices under New York Labor Law.

## JURISDICTION AND VENUE

3.      This Court has subject matter jurisdiction over Plaintiffs' federal claims pursuant to the FLSA, 28 U.S.C. § 1331, and 29 U.S.C. § 216.

4.      This Court has supplemental jurisdiction over Plaintiffs' New York state law claims pursuant to 28 U.S.C. § 1367.

5.      Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claims occurred in this District.

## PARTIES

### *Plaintiffs*

6.      Plaintiffs are both adults who reside in New York County, New York.

7.      All Plaintiffs are former employees of Defendant Stand Up NY, Defendant Zoldan, and Defendant Waldman.

8.      Plaintiff Francisco Perez worked at Stand Up NY from approximately August 2012 until on or about August 7, 2021.

9.      Throughout the time that Plaintiff Francisco Perez worked for Defendants, he worked as a cleaner and a busboy.

10.     Plaintiff Elisario Perez worked at Stand Up NY from approximately 2010 until March 2020, and again from on or about April 2, 2021 until on or about July 21, 2021.

11.     From 2010 to 2012, Plaintiff Elisario Perez worked as a porter.

12.     Beginning in 2012 and continuing until the end of his employment, Plaintiff Elisario Perez held the position of busboy.

13.     At all times relevant to this action, Plaintiffs were Defendants' employees as defined by 29 U.S.C. § 203(e)(1) and NYLL §§ 2(5) *et seq*.

14.     At all times relevant to this action, Plaintiffs were employed by Defendants within the meaning of 29 U.S.C. § 203(d) and NYLL §§ 2(6) *et seq*.

15.     At all times relevant to this action, Defendants employed and/or jointly employed Plaintiffs within the meaning of 29 U.S.C. § 203(g) *et seq*.

*Defendants*

16.     Stand Up NY is a New York corporation with its principal place of business in New York.

17.     At all relevant times to this action, Stand Up NY was located at 236 W. 78th St, New York, NY 10024.

18.     At all relevant times to this action, Stand Up NY was engaged in the sale of tickets for shows and drinks for consumption on the premises.

19.     Upon information and belief, at all times relevant to this action, Stand Up NY was an enterprise engaged in interstate commerce within the meaning of the FLSA in that it: (i) had employees engaged in commerce or in the production of goods for commerce, or who handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce by any person; and (ii) had an annual gross volume of sales of not less than $500,000.

20.     Upon information and belief, at all times relevant to this action, Defendant Zoldan was an owner of Stand Up NY.

21.     Upon information and belief, as owner of Stand Up NY, Defendant Zoldan had the authority to hire and fire employees, and did in fact exercise that authority by hiring, and later firing, both Plaintiffs.

22.     Upon information and belief, Defendant Zoldan had the authority to determine the rate and methods of compensation paid to Plaintiffs and other employees, and control the terms and conditions of the Plaintiffs' employment.

23.     Upon information and belief, at all times relevant to this action, Defendant Waldman was an owner of Stand Up NY.

24.     As owner of Stand Up NY, Defendant Waldman supervised Plaintiffs, was typically on the premises, and monitored the business operations.

25.     Upon information and belief, at all times relevant to this action, Defendant Waldan had the authority to hire and fire Stand Up NY employees, to discipline Stand Up NY employees, and to control the terms and conditions of their employment.

## FACTS

### *Minimum Wage, Overtime, and Spread of Hours Violations*

26.     Throughout their employment at Stand Up NY, Plaintiffs' pay routinely fell well below the state minimum wage.

27.     Defendants failed to pay Plaintiffs the minimum hourly cash wage permitted for tipped workers under 12 N.Y.C.R.R. § 146-1.3. That section accordingly may not be utilized by the Defendants.

28.     Defendants were not entitled to reduce the statutory minimum wage by applying the tip credit allowance that is available under 29 U.SC. § 203(m) and 12 N.Y.C.R.R. § 146-1.3.

29.     Defendants failed to inform tipped employees of the Defendants' intention to utilize the tip credit allowance. Therefore, Defendants are not entitled to take a tip credit under the FLSA and the NYLL.

30.      Defendants failed to maintain daily records of tip income received. Therefore, Defendants are not entitled to take a tip credit under NYLL.

31.      Throughout his employment at Stand Up NY, Plaintiff Francisco Perez's pay routinely fell below the federal minimum wage.

32.      Throughout his employment, Plaintiff Francisco Perez regularly worked well over 40 hours per week.  However, Defendants never paid Plaintiff overtime compensation.

33.      From the beginning of his employment until mid-March 2021, Plaintiff Francisco Perez worked a spread of hours exceeding ten hours per day at least two times per week. However, Defendants never paid Plaintiff Francisco Perez for any additional compensation for days in which his spread of hours exceeded ten.

34.      Upon information and belief, Defendants committed the acts alleged in this complaint knowingly, intentionally, and willfully.  Defendants knew or should have known that they were violating the law.

35.      Defendants knew or should have known that the nonpayment of minimum wage, nonpayment of overtime, and nonpayment of the spread of hours premium would economically injure Plaintiffs.

*Francisco Perez*

36.      Between August 2012 and on or about mid-March 2020, Plaintiff Francisco Perez worked seven hours per day, seven days a week as a cleaner.

37.      Between August 2012 until 2015, Defendants paid Plaintiff Francisco Perez $50 per day.

38.     Beginning in approximately October 2012, Plaintiff Francisco Perez also began working two additional shifts, a total of 18 additional hours per week, as a bus boy. Defendants did not compensate Plaintiff Francisco Perez for these shifts.

39.     Beginning in 2015, Defendants began paying Plaintiff Francisco Perez $480.00 per week for 49 hours of cleaning and 20 hours a week of bussing tables, a total of 69 hours per week.

40.     However, from approximately mid-March 2020 through on or about April 9, 2021, Plaintiff Francisco Perez did not work his typical schedule at Stand Up NY as it was not hosting live shows on the premises due to the COVID-19 pandemic

41.     During the months of May, June and July of 2020, Plaintiff Francisco Perez worked 4 to 5 days a week at Stand Up NY as cleaner and at times cleaned Defendant Zoldan's home. Plaintiff Francisco Perez worked from 10am to 4pm and was paid $480 per week.

42.     During the time that Defendants employed Plaintiff Francisco Perez as a bus boy, he often received as little as $30.00 per shift in tips and occasionally received as much as $150.00 per day during the busiest shifts.

43.     During the month of April 2021, Plaintiff Francisco Perez performed work cleaning the comedy club for four hours per day, four days per week, for which Defendants paid him $156 for the month.

44.     During the month of May 2021, Plaintiff Francisco Perez performed work cleaning the comedy club for four hours per day, five days per week, for which Defendants paid him $200 for the month.

45.     During the months of June, July 2021 and August 2021, Plaintiff Francisco Perez performed work cleaning the comedy club for four hours per day, five days per week, for which Defendants paid him $50.00 a day.

*Elisario Perez*

46.     Between 2010 and July 21, 2021, Plaintiff Elisario Perez worked as a bus boy.

47.     Plaintiff Elisario Perez worked six to seven hours per day, five days per week.

48.     From 2010 through approximately December 2016, Defendants paid Plaintiff Elisario Perez $9.50 per hour.

49.     From approximately January 2017 through March 2021, Defendants paid Plaintiff Elisario Perez $10.50 per hour.

50.     Between mid-March 2020 through March 2021, Plaintiff Elisario Perez did not work, as Stand Up NY was not hosting live shows on the premises due to the COVID-19 pandemic.

51.     During the time that Defendants employed Plaintiff Elisario Perez as a bus boy, he earned between $5.00 and $100.00 per day in tips.

52.     Plaintiff Elisario Perez returned to work in April 2021 as a waiter and a busboy, and worked 3 to4 days per week, 4 to 6 hours per day. During this time Defendants continued to pay Plaintiff Elisario Perez $10.50 per hour.

53.     During the time time period from April 2021 through the end of his employment in July 2021, Plaintiff Elisario Perez  earned between $100.00 and $250.00 per day in tips.

***Notice and Record Keeping Violations***

54.     Upon information and belief, Defendants did not maintain records of the number of hours worked by Plaintiff Francisco Perez or his pay. Plaintiff Francisco Perez was paid in cash.

55.     Defendants did not provide Francisco Perez with written notice, at the time of payment or afterward, explaining the number of hours worked, gross wages, any deductions, and other information as required under New York law.

56.     From April 2018 through the end of his employment, Defendants did not provide Elisario Perez with written notice at the time of payment or afterward, explaining the number of hours worked, gross wages, any deductions, and other information as required under New York law.

57.     Defendants also failed to provide a wage notice to each Plaintiff specifying, among other things, their hourly rates of pay.

### *Unlawful Deductions*

58.     Upon information and belief, from April 2018 through December 2019, Defendants withheld money from Plaintiff Elisario Perez's pay for income taxes, but failed to remit the amount to the IRS.

### FIRST CAUSE OF ACTION
### (Plaintiff Francisco Perez)

### For Failure to Pay Minimum Wages under the Fair Labor Standards Act

59.     Plaintiffs reallege and incorporate by reference each of the allegations contained in this Complaint.

60.     At all times relevant to this action, Plaintiffs were employed by Defendants within the meaning of the FLSA, 29 U.S.C. § 203.

61.     Defendants failed to pay Plaintiff Francisco Perez the applicable legal minimum hourly wage for all hours worked, in violation of 29 U.S.C. § 206(a).

62.     Defendants' failure to pay Plaintiff Francisco Perez his lawful minimum wages was willful.

63.     Due to Defendants' FLSA violations, Plaintiff Francisco Perez is entitled to recover from Defendants, jointly and severally during the periods in which he was an employee his unpaid overtime wages and an equal amount of liquidated damages, as well as reasonable attorneys' fees and costs of the action.

## SECOND CAUSE OF ACTION

### For Failure to Pay Minimum Wages Under the New York Labor Law

64.     Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs as if fully set forth herein.

65.     At all times relevant to this action, Plaintiffs were employed by Defendants within the meaning of New York Labor Law, including but not limited to N.Y. Labor Law §§ 2 and 651.

66.     Defendants failed to pay Plaintiffs at the applicable legal minimum hourly wage, in violation of the N.Y. Labor Law § 652.

67.     Defendants' failure to pay Plaintiffs the lawful minimum hourly wage was willful.

68.     Due to Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from Defendants, jointly and severally during the periods in which they were employees, their unpaid minimum wages, liquidated damages, as well as reasonable attorneys' fees, costs of the action, and interest.

**THIRD CAUSE OF ACTION**

**(Plaintiff Francisco Perez)**

**For Failure to Pay Overtime Wages Under the Fair Labor Standards Act**

69.      Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs as if fully set forth herein.

70.      At all times relevant to this action, Plaintiff Francisco Perez was employed by Defendants within the meaning of the FLSA, 29 U.S.C. § 203.

71.      Defendants failed to pay Plaintiff Francisco Perez overtime wages at rates at least one-and-a-half times the regular rate of pay, or one-and-a-half times the applicable minimum wage, for each hour worked in excess of forty hours per week, in violation of 29 U.S.C. § 207.

72.      Defendants' failure to pay Plaintiff Francisco Perez his lawful overtime wages was willful.

73.      Due to Defendants' FLSA violations, Plaintiff Francisco Perez is entitled to recover from Defendants, jointly and severally during the periods in which he was an employee, his unpaid overtime wages and an equal amount of liquidated damages, as well as reasonable attorneys' fees and costs of the action.

**FOURTH CAUSE OF ACTION**

**(Plaintiff Francisco Perez)**

**For Failure to Pay Overtime Wages Under the New York Labor Law**

74.      Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs as if fully set forth herein.

75.     At all times relevant to this action, Plaintiff Francisco Perez was employed by Defendants within the meaning of New York Labor Law, including but not limited to N.Y. Labor Law §§ 2 and 651.

76.     Defendants failed to pay Plaintiff Francisco Perez overtime wages at rates at least one-and-a-half times the regular rate of pay, or one-and-a-half times the applicable minimum wage, for each hour worked in excess of forty hours per week, in violation of the New York Labor Law and accompanying regulations.

77.     Due to Defendants' New York Labor Law violations, Plaintiff Francisco Perez is entitled to recover from Defendants, jointly and severally during the periods in which they were employees, their unpaid overtime wages, liquidated damages, as well as reasonable attorneys' fees, costs of the action, and interest.

**FIFTH CAUSE OF ACTION**

**(Plaintiff Francisco Perez)**

**For Failure to Pay Spread of Hours Under the New York Labor Law**

78.     Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs as if fully set forth herein.

79.     At all times relevant to this action, Plaintiffs were employed by Defendants within the meaning of New York Labor Law, including but not limited to N.Y. Labor Law §§ 2 and 651.

80.     Defendants failed to pay Plaintiff Francisco Perez an additional hour of pay at the minimum wage for each day he worked a spread of hours in excess of 10 hours per day.

81.     Due to Defendants' New York Labor Law violations, Plaintiff Francisco Perez is entitled to recover from Defendants, jointly and severally during the periods in which they were

employees, his unpaid spread of hours wages, liquidated damages, as well as reasonable attorneys' fees, costs of the action, and interest.

## SIXTH CAUSE OF ACTION

### (Plaintiff Elisario Perez)

### For Illegal Deductions under NYLL

82.     Plaintiffs reallege and incorporate by reference each of the allegations contained in this Complaint.

83.     Defendants willfully made unauthorized deductions from Plaintiff Elisario Perez's wages in violation of the New York Minimum Wage Act, specifically N.Y. Lab. Law § 193 and N.Y.C.R.R. § 146-2.7.

84.     These deductions included taking withholdings from Plaintiff Elisario Perez's pay purportedly for tax purposes but never remitting the monies to the taxing authorities.

85.     Due to Defendants' violations of the New York Labor Law, Plaintiff Elisario Perez is entitled to recover from Defendants, jointly and severally during the periods in which he was an employee all unauthorized deductions, liquidated damages, as well as reasonable attorneys' fees, costs of the action, and interest.

## SEVENTH CAUSE OF ACTION

### For Failure to Provide Notice of Payment Under the New York Labor Law

86.     Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs as if fully set forth herein.

87.     Throughout Plaintiffs' employment for Defendants, Defendants failed to provide Plaintiffs with a written statement at the time wages were paid containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone

number of employer; rate(s) of pay and basis this of; gross wages; deductions; allowances, if any; net wages; regular hourly rate of pay; overtime rate of pay; number of regular hours worked; and number of overtime hours worked.

88.     Defendants also failed to provide Plaintiffs with a wage notice that informed them of, among other things, their rates of pay.

89.     Defendants' acts violated N.Y. Labor Law § 195(1) and (3).

90.     Due to Defendants' violations, Plaintiffs are entitled to recover damages for each day that the violations occurred or continued to occur, together with costs and reasonable attorney's fees, and any other relief that the court deems necessary and appropriate.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs respectfully request that judgment be granted:

A.     Declaring Defendants' conduct complained of herein to be in violation of federal and New York State labor laws and their respective regulations;

B.     Awarding Plaintiff Francisco Perez his unpaid minimum wages and overtime wages due under the FLSA;

C.     Awarding Plaintiff Francisco Perez and Plaintiff Elisario Perez their unpaid minimum wages, overtime wages, and/or spread of hours wages due under the NYLL;

D.     Awarding Plaintiff Elisario Perez damages for unlawful deductions under the NYLL;

E.     Awarding Plaintiffs damages for notice violations under the NYLL;

F.     Awarding Plaintiffs liquidated damages under the FLSA and NYLL

G.     Awarding Plaintiffs damages due to notice violations at payment;

H.     Awarding Plaintiffs attorneys' fees and costs;

I.        Awarding Plaintiffs pre- and post-judgment interest;

J.        Awarding Plaintiffs any such further relief as may be just and proper.


Dated:        August 9, 2022
              New York, New York

                                                    Respectfully submitted,

                                                            /s/
                                                    Michael Taubenfeld
                                            michael@fishertaubenfeld.com
                                                    Fisher Taubenfeld LLP
                                                225 Broadway, Suite 1700
                                              New York, New York 10007
                                                    Tel: +1 (646) 741 3490
                                                    Fax: +1 (212) 505 2001

                                                            Alice Davis
                                            adavis@catholicmigration.org
                                                Catholic Migration Services
                                            47-01 Queens Blvd. Suite 203
                                                    Sunnyside, NY 11104
                                                    Tel: +1 (347) 472-3500
                                                    Fax: +1 (347) 472 3501

                                                    *Attorneys for Plaintiffs*